UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

LEONEL CALERO-LOAISIGA,

Plaintiff,

v.

FERETI SEMAIA et al.,

Defendants.

Case No. 5:26-cv-03763-SB-AS

ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner Leonel Javier Calero-Loaisiga, a citizen of Nicaragua, is detained at the Adelanto ICE Processing Center. On June 25, 2026, this Court ordered the government to provide Petitioner with a bond hearing before an immigration judge (IJ), and Petitioner received a hearing within five days. After the IJ denied bond, Petitioner filed a second petition for a writ of habeas corpus challenging the bond hearing and his initial arrest. The Court denies the petition.

I.

Petitioner entered the United States more than three years ago and has remained in the country. Dkt. No. 1 at 10 of 27. He was placed in removal proceedings but released from custody. *Id.* In May 2026, immigration officers attempted to stop Petitioner's vehicle after observing a passenger they believed was a Venezuelan national with a criminal record whom they were seeking. Petitioner continued driving for several miles after officers purportedly activated their lights before they stopped the vehicle and detained him. Dkt. No. 1-1 at 3 of 119 (stating that officers carried out a high-risk traffic stop because Petitioner fled in his vehicle). Shortly thereafter, Petitioner filed his first petition for a writ of habeas corpus, arguing that his detention without a bond hearing violated due process. *See Calero-Loaisiga v. Semaia*, No. 5:26-cv-03183-SB, Dkt. No. 1 (C.D. Cal. June 9, 2026). Because Petitioner was a member of the bond-eligible class certified in *Maldonado Bautista v. Noem*, No. 5:25-cv-01873-SSS, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025), on June 25, 2026, this Court ordered the government to provide a bond hearing. *Calero-Loaisiga*, No. 5:26-cv-03183-SB,

Dkt. Nos. 9, 10 (C.D. Cal.).[1] At the hearing, the IJ denied bond after finding that Petitioner posed a danger and a flight risk. Dkt. No. 1-1 at 8–9 of 119.

On July 7, 2026, Petitioner filed this petition—his second—for a writ of habeas corpus, principally arguing that his initial arrest violated the Fourth Amendment and that his bond hearing violated due process because the IJ placed the burden of proof on him rather than the government.[2] He seeks immediate release from custody.

II.

A district court may grant habeas relief to a petitioner who demonstrates that he is in custody in violation of federal law. 28 U.S.C. § 2241(c)(3); *see Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999) (stating that § 2241 permits federal courts to grant habeas relief to aliens detained "in custody in violation of the Constitution or the laws or treaties of the United States").

Petitioner has not shown that, even if his initial seizure was unlawful, he would be entitled to release from his otherwise lawful immigration detention.[3] The object of the writ of habeas corpus "is to ascertain whether the prisoner can lawfully be detained in custody," *United States ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923), and the "body" of a civil detainee "is never itself suppressible as fruit of an unlawful arrest," *I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039–40

---

[1] Shortly thereafter, on July 30, 2026, the Ninth Circuit held that noncitizens like Petitioner "who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026). The court also held that a § 1226(a) detainee bears the burden of "demonstrat[ing] by a preponderance of the evidence that he is not a flight risk or danger to the community." *Id*. at 1167.

[2] Petitioner also asserts claims under the Immigration and Nationality Act and substantive due process, but those claims largely duplicate his Fourth Amendment and bond-hearing challenges. Moreover, his reliance on *Zadvydas v. Davis*, 533 U.S. 678 (2001)—which addressed detention under 8 U.S.C. § 1231(a)(6) beyond the statutory removal period—is misplaced because Petitioner is undisputedly detained under § 1226(a).

[3] The government does not address the abuse of writ doctrine or whether Petitioner could have raised his Fourth Amendment claim in his first petition. The Court assumes, without deciding, that Petitioner may raise the claim in this petition.

(1984). *See Bilokumsky*, 263 U.S. at 158 (explaining that if a sufficient ground for detention is shown, a petitioner "is not to be discharged for defects in the original arrest or commitment"). Although Petitioner acknowledges *Lopez-Mendoza*, he argues that an unlawful seizure renders unlawful "his continued detention." Dkt. No. 1 at 23 of 27. But Petitioner does not meaningfully dispute the government's independent statutory authority to detain him pending removal proceedings, nor does he explain why an unlawful initial seizure would invalidate that authority or require his release. *See Sormunen v. Nagle*, 59 F.2d 398, 398–99 (9th Cir. 1932) (holding that a detainee's contention that he was taken into custody without a warrant was "immaterial" in a petition for a writ of habeas corpus where the detainee was lawfully subject to detention under the relevant immigration statute).

Petitioner's challenge to his bond hearing also fails because he has not exhausted his administrative remedies. A noncitizen detained under § 1226(a) who is dissatisfied with an IJ's bond determination "may file an administrative appeal so that 'the necessity of detention can be reviewed by . . . the [Board of Immigration Appeals (BIA)].'" *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (quoting *Prieto-Romero v. Clark*, 534 F.3d 1053, 1059 (9th Cir. 2008)); *see also Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (listing factors a court should consider in deciding whether to waive exhaustion). Like the petitioner in *Leonardo*, Petitioner here seeks "habeas review of the IJ's adverse bond determination before appealing to the BIA"—a "short cut" the Ninth Circuit has held improper. 646 F.3d at 1160. Petitioner identifies no sufficient basis to excuse exhaustion, and the BIA could have addressed his challenge to the burden of proof in the first instance.

Accordingly, the petition is denied. A separate judgment will issue.

Date: September 17, 2026

Stanley Blumenfeld, Jr.
United States District Judge